OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Whitten, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

The State ex rel. Fisher, Atty. Gen., Appellant, v. Burkhardt
et al., Appellees.
[Cite as State ex rel. Fisher v. Burkhardt (1993),     Ohio
St.3d    .]
Courts -- Trial court has mandatory duty to collect and
     transmit court costs to the state in bond forfeiture cases
     -- Mayor's order not to collect court costs in bond
     forfeiture cases before mayor's court is made within his
     judicial capacity and, thus, under doctrine of judicial
     immunity, he or she cannot be held civilly liable for such
     order.
1.   A trial court has a mandatory duty to collect and transmit
     to the state court costs in bond forfeiture cases pursuant
     to R.C. 2743.70(B) and 2949.091(B).
2.   A mayor's order not to collect court costs in bond
     forfeiture cases before the mayor's court is an order made
     within his judicial capacity, and, thus, under the
     doctrine of judicial immunity, he cannot be held civilly
     liable for such order.
(No. 92-340 -- Submitted February 16, 1993 -- Decided May 5,
1993.)
     Appeal from the Court of Appeals for Fairfield County, No.
CA 21-91.
     Defendant-appellee, Thomas H. Burkhardt III, was Mayor of
the village of Pickerington during the audit period January 1,
1987 through December 31, 1987.  As mayor, Burkhardt presided
over Pickerington Mayor's Court.
     Appellees stated that the Pickerington Law Director had,
prior to this audit period, issued an opinion to Mayor
Burkhardt stating the following:
     "[T]he Pickerington Mayor's Court has established bond
schedules which are consistent with the average fines received
for each misdemeanor classification.  These bonds do not
include court costs * * *.
     "Since our bond schedule does not include court costs * * *
and because of the imput [sic] from Charlie Jones at our recent
post audit conference, it is my opinion that the Village does
not need to send in $13.00 to the state in matters where a

defendant has posted bond in non must appear situations." (Emphasis sic.)

Appellees stated that Charlie Jones was a representative of the State Auditor's Office.

In response to this opinion, Mayor Burkhardt issued the following "Administrative Order" of the Pickerington Mayor's Court:

"Effective with the May, 1984 dispersal of court funds, and pursuant to the Law Director's opinion relative to the payment of funds to the State of Ohio, payment to the VICTIMS OF CRIME fund and the PUBLIC DEFENDERS funds shall be made only for cases that have appeared before me, Mayor Thomas H. Burkhardt III, and have been assessed court costs by me.

"This order is effective, unless and until, it is rescinded by this Court.

"/s/Thomas H. Burkhardt III
Thomas H. Burkhardt III, Mayor
Village of Pickerington, Ohio"

Subsequent to the issuance of this order, the Pickerington Mayor's Court did not collect court costs in cases where the defendants forfeited bond.

A report of an audit of the village of Pickerington performed by the State Auditor for the period January 1, 1987 through December 31, 1987 contained a finding for recovery in the amount of $2,338 jointly and severally against appellee Thomas H. Burkhardt and his surety, appellee Western Surety Company, in favor of the Treasurer of the state of Ohio. The finding for recovery was based on appellee Burkhardt's failure to assess, collect, and remit court costs pursuant to R.C. 2743.70 and 2949.091 in bond forfeiture cases in the Pickerington Mayor's Court. On August 29, 1990, the plaintiff-appellant, state of Ohio, filed its complaint to recover these court costs against both appellees. Both appellant and appellees filed motions for summary judgment. The trial court granted appellees' motions for summary judgment, in part under the doctrine of judicial immunity, and denied appellant's motion for summary judgment. The court of appeals, in affirming the judgment of the trial court, held that appellee Burkhardt was immune from liability under the doctrine of judicial immunity, because his order was made in his judicial capacity as the mayor's court judge.

This cause is now before this court pursuant to the allowance of a motion to certify the record.

Lee I. Fisher, Attorney General, and Jerry K. Kasai, Assistant Attorney General, for appellant.

Don S. McAuliffe, for appellees.

Francis E. Sweeney, Sr., J. The main issue in this case is whether a village mayor is protected by judicial immunity against liability for ordering the mayor's court not to collect court costs imposed by R.C. 2743.70 and 2949.091(B) in cases involving bond forfeitures. For the following reasons, we conclude that the order was made within appellee Burkhardt's judicial capacity as the mayor's court judge, and, thus, the doctrine of judicial immunity applies.

It is a well-settled rule in Ohio that where a judge

possesses jurisdiction over a controversy, he is not civilly liable for actions taken in his judicial capacity. Kelly v. Whiting (1985), 17 Ohio St.3d 91, 17 OBR 213, 477 N.E.2d 1123; Wilson v. Neu (1984), 12 Ohio St.3d 102, 12 OBR 147, 465 N.E.2d 854; Voll v. Steele (1943), 141 Ohio St. 293, 25 O.O. 424, 47 N.E.2d 991. The Supreme Court of the United States in Stump v. Sparkman (1978), 435 U.S. 349, 362, 98 S.Ct. 1099, 1107, 55 L.Ed.2d 331, 342, held that the factors determining whether an act by a judge is judicial relate to the nature of the act itself (whether it is a function normally performed by a judge), and the expectation of the parties (whether they dealt with the judge in his judicial capacity).

In the present case, appellee Burkhardt was a judge while serving in his capacity as mayor's court judge. Voll, supra; see, also, Traf.R. 2. One of a judge's functions is to interpret the law in matters over which the judge has jurisdiction. Appellee had jurisdiction as the mayor's court judge to hear cases in which bonds were forfeited. R.C. 1905.01. Additionally, appellee had the right and duty as the mayor's court judge to establish a schedule of fines and costs for traffic offenses pursuant to R.C. 2935.26(E) and Traf.R. 13(C).

While we find that the court does have a mandatory duty to collect and transmit court costs to the state in bond forfeiture cases pursuant to R.C. 2743.70(B) and 2949.091(B),[1] appellee cannot be held civilly liable for his interpretation to the contrary, since appellee was acting in his capacity as a judge who had the duty to interpret the statutes and establish court cost schedules in traffic offenses which would come to his court. A judge who has the requisite jurisdiction over a controversy is immune from liability even though his acts are voidable as taken in excess of jurisdiction. Wilson v. Neu, supra, 12 Ohio St.3d at 104, 12 OBR at 149, 465 N.E.2d at 856.

Accordingly, we conclude that the mayor's order not to collect court costs in bond forfeiture cases before the mayor's court was an order made within his judicial capacity, and, thus, under the doctrine of judicial immunity, appellees cannot be held civilly liable.

Judgment affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick and Pfeifer, JJ., concur.

Footnote:
1. R.C. 2743.70(B) provides:
"Whenever a person is charged with any offense other than a traffic offense that is not a moving violation and posts bail pursuant to sections 2937.22 to 2937.46 of the Revised Code, Criminal Rule 46, or Traffic Rule 4, the court shall add to the amount of the bail the twenty or six dollars required to be paid by division (A)(1) of this section. The twenty or six dollars shall be retained by the clerk of the court until the person is convicted, pleads guilty, forfeits bail, is found not guilty, or has the charges against him dismissed. If the person is convicted, pleads guilty, or forfeits bail, the clerk shall transmit the twenty or six dollars to the treasurer of state, who shall deposit it in the reparations fund. If the person is found not guilty or the charges against him are

dismissed, the clerk shall return the twenty or six dollars to the person."

R.C. 2949.091(B) provided:

"Whenever a person is charged with any offense other than a traffic offense that is not a moving violation and posts bail, the court shall add to the amount of the bail the seven dollars required to be paid by division (A)(1) of this section.  The seven dollars shall be retained by the clerk of the court until the person is convicted, pleads guilty, forfeits bail, is found not guilty, or has the charges against him dismissed.  If the person is convicted, pleads guilty, or forfeits bail, the clerk shall transmit the seven dollars to the treasurer of state who shall deposit it in the general revenue fund.  If the person is found not guilty or the charges against him are dismissed, the clerk shall return the seven dollars to the person."  140 Ohio Laws, Part II, 2994.

Effective July 1, 1987, the amount was increased to $8. 142 Ohio Laws, Part II, 2235.

"Bail" is defined in R.C. 2743.70(D)(2), and is synonymous with "bond."