OPINION
{¶ 1} This is an accelerated calendar case, submitted to this court on the record and the briefs of the parties. Appellant, Terry Shane Metzenbaum, appeals from the judgment entered by the Portage County Court of Common Pleas, Probate Division.
 {¶ 2} Appellant filed a complaint in Portage County for concealed or embezzled assets, pursuant to R.C. 2109.50. Named as defendants in the complaint were: Byron S. Krantz; Howard R. Linder; Leslie Beth Linder; Judge R.R. Denny Clunk; Gary C. Suhadolink, Director of the Department of Commerce; James Turner, Chief Legal Counsel for the Department of Commerce; and David Moore and Kimberly Coles from the Division of Unclaimed funds for the Department of Commerce.
 {¶ 3} The following information is taken from appellant's complaint. Appellant's father died in January 2002. Byron Krantz was the executor of the estate and the trustee for an intervivos trust. Byron Krantz filed a complaint for declaratory judgment in the Cuyahoga County Probate Court. The Cuyahoga County Probate Judges recused themselves, and Judge Clunk was appointed to the case by the Supreme Court of Ohio. Judge Clunk ordered the executor to claim certain unclaimed funds from the Department of Commerce.
 {¶ 4} In the instant action, all of the defendants filed, or made oral, motions to dismiss. The trial court granted the defendants' motions to dismiss, because the legal issues were being litigated in the Cuyahoga County probate action. In addition, the trial court granted Judge Clunk's motion to dismiss, based on judicial immunity. The trial court issued a judgment entry on October 22, 2002, and a nunc pro tunc judgment entry on October 28, 2002, dismissing appellant's complaint. Appellant has appealed both of these judgment entries to this court.
 {¶ 5} Following the appeal, this matter was remanded to the trial court, due to the trial court's failure to mention defendant James Turner in its October 28, 2002 judgment entry. Thereafter, in a second nunc pro tunc judgment entry dated April 22, 2002, the trial court included James Turner in the judgment entry, noting that he also filed a motion to dismiss. The language granting all of the defendants' motions to dismiss remained in this final judgment entry. The matter was returned to this court's jurisdiction, and this court issued a judgment entry stating that the trial court's April 22, 2003 judgment entry appeared to be a final appealable order and there were no jurisdictional concerns.
 {¶ 6} Appellant raises two assignments of error. Appellant's first assignment of error is:
 {¶ 7} "The [trial] court error [sic.] by granting Judge RR Denny Clunk full immunity without proper justification."
 {¶ 8} "It is a well-settled rule in Ohio that where a judge possesses jurisdiction over a controversy, he is not civilly liable for actions taken in his judicial capacity."[1] In his complaint, appellant acknowledges that Judge Clunk was appointed by the Supreme Court of Ohio to preside over the case in Cuyahoga County. In addition, the Cuyahoga County Probate Court had subject matter jurisdiction over the underlying controversy regarding the estate. Thus, the trial court did not err by finding that Judge Clunk was immune from civil liability arising out of his presiding over the Cuyahoga County probate action.
 {¶ 9} Appellant's first assignment of error is without merit.
 {¶ 10} Appellant's second assignment of error is:
 {¶ 11} "The [trial] court error [sic.] in granting [qualified] immunity to appellees Gary Suhadolink, James Turner, David Moore, Kimberly Coles all employees [of] the Ohio Department of Commerce."
 {¶ 12} The trial court did not address the issue of whether the state appellees had qualified immunity. Rather, the trial court dismissed appellant's complaint because the subject matter of the complaint was being addressed by the Cuyahoga County Court in the probate action.
 {¶ 13} Appellant's second assignment of error is without merit.
 {¶ 14} The judgment of the trial court is affirmed.
Judgment affirmed.
DONALD R. FORD, P.J., and CYNTHIA WESTCOTT RICE, J., concur.
[1] State ex rel. Fisher v. Burkhardt (1993), 66 Ohio St.3d 189, 191, citing Kelly v. Whiting (1985), 17 Ohio St.3d 91; Wilson v. Neu (1984),12 Ohio St.3d 102; and Voll v. Steele (1943), 141 Ohio St. 293.