DECISION AND JUDGMENT ENTRY
{¶ 1} Douglas Barstow, Jerry Barstow, Rhonda Norris, and Terry Born, II, appeal a judgment of the Hocking County Court of Common Pleas that (1) granted the motion to dismiss filed by Judge Richard Wallar[1] and Judge Thomas Gerken and (2) granted the motions for summary judgment filed by Prosecutor Larry Beal, Herman Carson, and the City of Logan, the Logan Police Department, and Officer Rachelle Flemming. First, appellants argue that the trial court erred in concluding that Judge Wallar and Judge Gerken are immune from suit. However, it is apparent from the face of appellants' complaint that Judge Wallar and Judge Gerken were acting within their jurisdiction when they set Douglas Barstow's bail. Because the Judges were acting within their jurisdiction, they have absolute immunity from suit.
 {¶ 2} Second, appellants argue that the trial court erred in concluding that Prosecutor Beal is immune from suit. However, Prosecutor Beal's decision to maintain the prosecution against Douglas Barstow is intimately associated with the judicial phase of the criminal process. Therefore, Prosecutor Beal has absolute immunity from suit.
 {¶ 3} Third, appellants argue that the trial court erred in concluding that the City of Logan and the Logan Police Department are immune from liability. However, none of the exceptions to immunity contained in R.C. 2744.02(B) applies in the present case. Therefore, the City of Logan and the Logan Police Department are immune from liability.
 {¶ 4} Fourth, appellants argue that the trial court erred in concluding that Officer Flemming is immune from liability. Officer Flemming supported her motion for summary judgment with an affidavit showing that she did not act maliciously, wantonly, or recklessly. Appellants, on the other hand, offered no Civ.R. 56 evidence regarding this issue. Because appellants failed to demonstrate a genuine issue concerning Officer Flemming's immunity, the trial court properly granted summary judgment to Officer Flemming.
 {¶ 5} Finally, appellants argue that the trial court erred in granting summary judgment to Herman Carson on their legal malpractice claim. Herman Carson supported his motion for summary judgment with an affidavit stating that he did not deviate from the applicable standard of care. Appellants, however, failed to provide opposing expert testimony demonstrating that Herman Carson breached a duty to Douglas Barstow. This failure to provide opposing expert testimony was fatal to appellants' legal malpractice claim.
 {¶ 6} In addition to challenging the merits of the court's decision, appellants raise two additional arguments. First, appellants argue that the trial court erred in granting the defendants' motions without a hearing. However, our review of the record indicates that appellants never requested an oral hearing on the defendants' motions. Thus, the court did not err in failing to hold one. Second, appellants argue that the trial court violated their constitutional right to a jury trial by granting the defendants' motions. However, the proper granting of a motion for summary judgment does not abridge an individual's constitutional right to a trial by jury. Moreover, the dismissal of a claim under Civ.R. 12(B)(6) renders moot the right to a jury trial in a civil matter. Because appellants' arguments all lack merit, we affirm the trial court's judgment.
 {¶ 7} In October 2001, a fourteen-year-old female informed her school guidance counselor that Douglas Barstow had raped her. The guidance counselor immediately notified the Logan Police Department. After investigating the girl's allegations, Officer Rachelle Cook (nka Flemming) arrested Douglas Barstow. Barstow's mother, Rhonda Norris, posted his bond.
 {¶ 8} Subsequently, the prosecutor filed complaints against Douglas Barstow for rape, corruption of a minor, and gross sexual imposition. The Logan Police rearrested Barstow and Judge Richard Wallar set Barstow's bail at $100,000. In November 2001, the grand jury indicted Douglas Barstow on charges of rape, corruption of a minor, and gross sexual imposition. Four days later, Judge Thomas Gerken set Barstow's bail at $500,000.
 {¶ 9} Douglas Barstow initially retained Attorney Herman Carson to defend him. In February 2002, however, he fired Mr. Carson[2] and retained Attorney Charles Knight. One month later, Douglas Barstow's case proceeded to trial. At the conclusion of the trial, the jury acquitted Barstow of all charges.
 {¶ 10} In October 2002, Douglas Barstow, Jerry Barstow, Rhonda Norris, and Terry Born, II, filed a pro se complaint against Judge Richard Wallar, Judge Thomas Gerken, Prosecutor Larry Beal, Herman Carson, and the City of Logan, the Logan Police Department, and Officer Rachelle Flemming (City Defendants). In their complaint, appellants set forth various claims, including false arrest, malicious prosecution, and legal malpractice. One month later, Judges Wallar and Gerken filed a motion to dismiss for failure to state a claim upon which relief can be granted. In their motion, the Judges argued that they were immune from suit since they were acting within their jurisdiction. In April 2003, Prosecutor Beal filed a motion for summary judgment, arguing that he was immune from suit since his actions were "intimately associated with the judicial phase of the criminal process." One month later, the City Defendants filed a motion for summary judgment, arguing that they were immune from liability under R.C. 2744.02 and 2744.03. Finally, Attorney Carson filed a motion for summary judgment. In his motion, Carson argued that the appellants could not prove their claim for legal malpractice. To support his argument, Carson attached an affidavit stating that he did not deviate from the applicable standard of care for criminal defense. Appellants subsequently filed a "response" to the defendants' motions. However, appellants' response lacked Civ.R. 56 evidence.
 {¶ 11} In March 2004, the trial court granted the defendants' motions. Appellants now appeal that decision. In their brief, appellants do not set forth traditional assignments of error as required by App.R. 16. Instead, appellants' brief includes a "Statement of Issues Presented for Review." We have chosen to treat these "issues presented" as appellants' assignments of error:
"ASSIGNMENT OF ERROR NO. 1 — The lower court erred in dismissing the case without trial or hearing. ASSIGNMENT OFERROR NO. 2 — The lower court abused its discretion by granting Defendants' motions for summary judgment.
ASSIGNMENT OF ERROR NO. 3 — The lower court abused its discretion by granting Defendants' motion to dismiss.
ASSIGNMENT OF ERROR NO. 4 — The lower court erred in granting immunity. ASSIGNMENT OF ERROR NO. 5 — The lower court erred by denying Plaintiffs due process."
 {¶ 12} For the sake of clarity, we will address appellants' assignments of error out of order. We begin by addressing appellants' third and fourth assignments of error. Here, appellants argue that the trial court erred in granting the motion to dismiss filed by Judge Wallar and Judge Gerken. Specifically, appellants argue that the court erred in concluding that Judge Wallar and Judge Gerken are immune from suit. They argue that the Judges "acted outside their jurisdiction."
 {¶ 13} Civ.R. 12(B)(6) provides that a court may grant a motion to dismiss a complaint for "failure to state a claim upon which relief can be granted." A Civ.R. 12(B)(6) motion to dismiss is procedural and tests the sufficiency of the complaint. Stateex rel. Hanson v. Guernsey Cty. Bd. of Commrs.,65 Ohio St.3d 545, 548, 1992-Ohio-73, 605 N.E.2d 378. A court may grant a motion to dismiss for failure to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. Taylor v. London,88 Ohio St.3d 137, 139, 2000-Ohio-278, 723 N.E.2d 1089, quoting O'Brien v.Univ. Community Tenants Union, Inc. (1975), 42 Ohio St.2d 242,327 N.E.2d 753, syllabus. See, also, Wilson v. Ohio (1995),101 Ohio App.3d 487, 491, 655 N.E.2d 1348. In ruling on a Civ.R. 12(B)(6) motion, the court must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the nonmoving party. Mitchell v. LawsonMilk Co. (1989), 40 Ohio St.3d 190, 193, 532 N.E.2d 753. Appellate review of a trial court's dismissal under Civ.R. 12(B)(6) presents a question of law, which we review de novo.Roll v. Edwards, 156 Ohio App.3d 227, 235, 2004-Ohio-767,805 N.E.2d 162; Noe v. Smith (2000), 143 Ohio App.3d 215, 218,757 N.E.2d 1164.
 {¶ 14} In their complaint, appellants allege that Municipal Court Judge Richard Wallar acted outside his jurisdiction when he set bail on felony charges. They allege that Judge Wallar acted outside his jurisdiction to protect his deputy clerk and himself from embarrassment and scandal. Thus, they allege that Judge Wallar is guilty of "cover-up and conspiracy." As for Judge Gerken, appellants allege that he violated Douglas Barstow's constitutional rights by setting excessive bail.
 {¶ 15} It is a well settled rule that where a judge possesses jurisdiction over a controversy, he is not civilly liable for actions taken in his judicial capacity. State ex rel. Fisher v.Burkhardt, 66 Ohio St.3d 189, 192, 1993-Ohio-187,610 N.E.2d 999; Wilson v. Neu (1984), 12 Ohio St.3d 102, 103,465 N.E.2d 854. See, also, Stump v. Sparkman (1978), 435 U.S. 349, 356,98 S.Ct. 1099, 55 L.Ed.2d 331. This is true even where the judge acts maliciously or in excess of his jurisdiction. Kelly v.Whiting (1985), 17 Ohio St.3d 91, 93, 477 N.E.2d 1123, quotingStump. A judge will only be subject to civil liability if (1) the judge's actions were nonjudicial, or (2) the judge acted "in the clear absence of all jurisdiction." Mireles v. Waco (1991),502 U.S. 9, 11-12, 112 S.Ct. 286, 116 L.Ed.2d 9. See, also,Forsyth v. Supreme Court of Ohio (Aug. 25, 1998), Franklin App. No. 98AP-59.
 {¶ 16} Our review of appellants' complaint indicates that appellants have failed to allege sufficient facts to satisfy either of the two exceptions to immunity. First, appellants cannot establish that the Judges' actions were nonjudicial. An act by a judge is "judicial" if it is a function normally performed by a judge and the parties dealt with the judge in his judicial capacity. Burkardt, 66 Ohio St.3d at 191, citingStump, 435 U.S. at 362. See, also, Walk v. Ohio SupremeCourt, Franklin App. No. 03AP-205, 2003-Ohio-5343, ¶ 11. Clearly, setting bail in a felony criminal case is a "judicial" act. In fact, R.C. 2937.23(A)(1) specifically states: "In a case involving a felony * * * the judge or magistrate shall fix the amount of bail."
 {¶ 17} Second, appellants cannot establish that the judges acted in the absence of jurisdiction. The court of common pleas has original jurisdiction over "all crimes and offenses", except those minor offenses reserved to courts of lesser jurisdiction. R.C. 2931.03. See, also, Section 4, Article IV, Ohio Constitution. Appellants' complaint establishes that the grand jury indicted Douglas Barstow on three felony charges, i.e., rape, corruption of a minor, and gross sexual imposition. Because Barstow's case involved felony charges, Judge Gerken of the Hocking County Court of Common Pleas had jurisdiction over the case. See, Manos v. Shiplevy (Sept. 29, 1993), Hocking App. No. 93CA9; State v. Daft (Dec. 30, 1994), Vinton App. No. 94CA493, fn.1. Additionally, R.C. 1901.20(B), which governs the criminal jurisdiction of municipal courts, states: "The municipal court has jurisdiction to hear felony cases committed within its territory. In all felony cases, the court may conductpreliminary hearings and other necessary hearings prior to theindictment of the defendant or prior to the court's finding that there is probable cause to hold or recognize the defendant to appear before a court of common pleas and may discharge, recognize, or commit the defendant." (Emphasis added.) Appellants' complaint indicates that the grand jury had not yet indicted Douglas Barstow at the time Judge Wallar set his bail. Since the grand jury had not indicted Barstow, Judge Wallar had jurisdiction over the felony charges. See R.C. 1901.20(B).
 {¶ 18} In their complaint, appellants allege that Judge Gerken set excessive bail in violation of Douglas Barstow's constitutional rights. At most, however, this constitutes an act in excess of jurisdiction. An act is in excess of jurisdiction if "the act, although within the power of the judge, is not authorized by law and is therefore voidable." Neu,12 Ohio St.3d at 104. For an example of the difference between lack of jurisdiction and excess of jurisdiction see Stump v. Sparkman,435 U.S. 349, fn.7. A judge remains immune from liability for acts in excess of his jurisdiction. Stump, 435 U.S. at 356;Neu, 12 Ohio St.3d at 104. It is only when a judge acts with a total lack of jurisdiction that immunity is overcome. Neu. See, also Stump, 435 U.S. at 356-57.
 {¶ 19} It is apparent from the face of appellants' complaint that both Judge Wallar and Judge Gerken had jurisdiction over the case at the time they set Douglas Barstow's bail. Moreover, setting bail in a felony criminal case is a "judicial" act. Thus, Judge Wallar and Judge Gerken are immune from suit. Because appellants can prove no set of facts that would entitle them to relief, dismissal of their claims against Judge Wallar and Judge Gerken was appropriate. Accordingly, appellants' third and fourth assignments of error have no merit.
 {¶ 20} In their second assignment of error, appellants argue that the trial court erred in granting summary judgment in favor of Prosecutor Beal, Herman Carson, and the City Defendants. Although appellants' argument is not entirely clear, they appear to argue that the defendants failed to support their motions with proper Civ.R. 56 evidence. In addition, appellants argue that there are genuine issues for trial.
 {¶ 21} In reviewing a summary judgment, the lower court and appellate court utilize the same standard, i.e., we review the judgment independently and without deference to the trial court's determination. Midwest Specialties, Inc. v. Firestone Tire Rubber Co. (1988), 42 Ohio App.3d 6, 8, 536 N.E.2d 411. Summary judgment is appropriate when the movant has established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence against it construed most strongly in its favor. Bosticv. Connor (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, citingHarless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,66, 375 N.E.2d 46. See, also, State ex rel. Coulverson v. OhioAdult Parole Auth. (1991), 62 Ohio St.3d 12, 14, 577 N.E.2d 352; Civ.R. 56(C). The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting summary judgment. Mitseff v. Wheeler (1988), 38 Ohio St.3d 112,115, 526 N.E.2d 798. If the moving party satisfies this burden, "the nonmoving party then has a reciprocal burden under Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial, and if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Vahila v. Hall, 77 Ohio St.3d 421, 429,1997-Ohio-259, 674 N.E.2d 1164, quoting Dresher v. Burt (1996),75 Ohio St.3d 280, 295, 662 N.E.2d 264.
 {¶ 22} Civ.R. 56(C) sets forth the types of documentary evidence admissible in summary judgment proceedings. Under Civ.R. 56(C) a trial court may consider "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations * * *." See, also, Fink, Greenbaum Wilson, Guide to the Ohio Rules of Civil Procedure (2004) 56-14, Section 56:8. When affidavits are offered in support of a motion for summary judgment, the affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." Civ.R. 56(E).
 I. Prosecutor Beal {¶ 23} In their complaint, which we construe as being based upon state law, appellants alleged that Prosecutor Beal continued to pursue the prosecution against Douglas Barstow despite a lack of evidence. Thus, they alleged that Prosecutor Beal was guilty of "malicious prosecution, misrepresentation, perjury, tampering with a grand jury and malpractice." Prosecutor Beal responded by filing a motion for summary judgment. In the motion, Prosecutor Beal argued that he is immune from liability since his actions were "intimately associated with the judicial phase of the criminal process." Attached to the motion was an affidavit in which Prosecutor Beal indicated that his role was, at all times, that of prosecutor. He indicated that he was not involved "in any investigative or administrative functions other than those typically performed by a prosecutor." Appellants subsequently filed a "response" to Prosecutor Beal's motion. However, appellants' response lacked proper Civ.R. 56 evidence.
 {¶ 24} Generally, an employee of a political subdivision has qualified immunity under R.C. 2744.03(A)(6). However, R.C.2744.03(A)(6) specifically provides that this qualified immunity is "[i]n addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division". R.C. 2744.03(A)(7) preserves common law immunity for political subdivisions and certain political subdivision employees. Specifically, R.C. 2744.03(A)(7) states: "The political subdivision, and an employee who is a county prosecuting attorney, city director of law, village solicitor, or similar chief legal officer of a political subdivision, an assistant to such person, or a judge of a court of this state is entitled to any defense or immunity available at common law or established by the Revised Code." Thus, R.C. 2744.03(A)(7) preserves the absolute immunity available to prosecutors at common law. See Woodley v. Anderson (April 21, 2000), Lucas App. No. L-99-1093.
 {¶ 25} Prosecutors are considered "quasi-judicial" officers.Willitzer v. McCloud (1983), 6 Ohio St.3d 447, 449,453 N.E.2d 693. As such, prosecutors are entitled to absolute immunity when their activities are "intimately associated with the judicial phase of the criminal process." Id., quoting Imbler v.Pachtman (1976), 424 U.S. 409, 430, 96 S.Ct. 984,47 L.Ed.2d 128. See, also, Carlton v. Davisson (1995),104 Ohio App.3d 636, 649, 662 N.E.2d 1112. Thus, a prosecutor has absolute immunity in initiating a prosecution and in presenting the state's case. Willitzer, quoting Imbler, 424 U.S. at 431. However, a prosecutor does not have absolute immunity when engaged in investigative and administrative functions.Willitzer, quoting Dellums v. Powell (C.A.D.C. 1981),660 F.2d 802, 805. See, also Richard v. Rice (1993),91 Ohio App.3d 199,201,632 N.E.2d 525. When performing these functions, a prosecutor is only entitled to qualified immunity. Willitzer.
 {¶ 26} Appellants challenge Prosecutor Beal's decision to initiate the prosecution against Douglas Barstow. In addition, appellants challenge Prosecutor Beal's decision to maintain the prosecution against Douglas Barstow even after the DNA results indicated that Barstow did not have sexual intercourse with the girl. As noted, however, a prosecutor has absolute immunity in initiating a prosecution and in presenting the state's case.Willitzer, quoting Imbler. Prosecutor Beal's decisions to initiate and to maintain the prosecution against Douglas Barstow are "intimately associated with the judicial phase of the criminal process." See Willitzer, 6 Ohio St.3d at 449. Thus, Prosecutor Beal has absolute immunity in connection with those decisions. Because Prosecutor Beal has absolute immunity, the trial court properly granted his motion for summary judgment. Accordingly, appellants' argument has no merit.
 II. City Defendants {¶ 27} In their complaint, appellants alleged that Officer Flemming lacked "solid evidence" to arrest Douglas Barstow. Thus, they alleged that the City of Logan, the Logan Police Department, and Officer Flemming were guilty of false arrest and false imprisonment. The City Defendants responded by filing a motion for summary judgment. Relying on R.C. 2744.02 and 2744.03, the City Defendants argued that they are immune from liability. To support their argument, the City Defendants attached an affidavit from Officer Flemming. In the affidavit, Officer Flemming described her training and experience in the investigation of sex crimes. Additionally, Officer Flemming set forth the facts she relied on to arrest Barstow. Appellants subsequently filed a "response" to the City Defendants' motion. However, appellants' response lacked proper Civ.R. 56 evidence.
 {¶ 28} Under Ohio law, claims for false arrest and false imprisonment require proof of the same essential elements.Rogers v. Barbera (1960), 170 Ohio St. 241,243,164 N.E.2d 162, quoting 22 American Jurisprudence, 353, False Imprisonment, Section 2-3. See, also Evans v. Smith (1994),97 Ohio App.3d 59,70,646 N.E.2d 217. Specifically, each claim requires the plaintiff to show that a detention occurred without lawful justification. McFinley v. Bethesda Oak Hosp. (1992),79 Ohio App.3d 613, 616, 607 N.E.2d 936; Harvey v. Horn (1986),33 Ohio App.3d 24, 27, 514 N.E.2d 452.
 {¶ 29} R.C. Chapter 2744 establishes a three-tier analysis for determining whether a political subdivision is immune from liability. Carter v. Cleveland, 83 Ohio St.3d 24, 28,1998-Ohio-421, 697 N.E.2d 610. First, R.C. 2744.02(A)(1) sets forth the general rule that a political subdivision is immune from liability for acts or omissions connected with governmental or proprietary functions. See Colbert v. Cleveland,99 Ohio St.3d 215, 216, 2003-Ohio-3319, 790 N.E.2d 781; Harp v.Cleveland Hts., 87 Ohio St.3d 506, 509, 2000-Ohio-467,721 N.E.2d 1020. Second, R.C. 2744.02(B)(1) through (5) lists five exceptions to the general immunity granted to political subdivisions under R.C. 2744.02(A)(1). See Ryll v. ColumbusFireworks Display Co., Inc., 95 Ohio St.3d 467, 470,2002-Ohio-2584, 769 N.E.2d 372. Finally, R.C. 2744.03(A) makes available further defenses and immunities that a political subdivision may assert if it is subject to liability under R.C.2744.02(B). See Colbert.
 {¶ 30} The City of Logan and the Logan Police Department are political subdivisions as defined in R.C. 2744.01(F). See, e.g.,Winegar v. Greenfield Police Dept., Highland App. No. 00CA18, 2002-Ohio-2173 (Stating that the Greenfield Police Department is "undoubtedly" a political subdivision.) In addition, the provision of police services and enforcement of the laws are governmental functions. See R.C. 2744.01(C)(2)(a) and (i), respectively. Therefore, the City of Logan and Logan Police Department are entitled to immunity unless one of the exceptions in R.C. 2744.02(B) applies.
 {¶ 31} Our review of R.C. 2744.02(B) indicates that the only exception that might possibly apply is R.C. 2744.02(B)(5), which states: "[A] political subdivision is liable for injury, death, or loss to person or property when civil liability is expressly imposed upon the political subdivision by a section of the Revised Code, including, but not limited to, sections 2743.02 and5591.37 of the Revised Code. Civil liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon a political subdivision, because that section provides for a criminal penalty, because of a general authorization in that section that a political subdivision may sue and be sued, or because that section uses the term "shall" in a provision pertaining to a political subdivision." In order for this exception to apply, however, appellants must be able to point to a statute that expressly imposes liability on political subdivisions for actions similar to those at issue here. SeeRatcliff v. Darby, Scioto App. No. 02CA2832, 2002-Ohio-6626, ¶ 17. Appellants have failed to bring any such statute to our attention. Moreover, our research has not revealed any statute imposing civil liability on political subdivisions for actions such as those taken by Officer Flemming. Therefore, we conclude the City of Logan and the Logan Police Department are immune from liability under R.C. 2744.02(A)(1). Because the City of Logan and the Logan Police Department are immune from liability, the trial court properly granted summary judgment in their favor.
 {¶ 32} As for Officer Flemming, R.C. 2744.03(A)(6) provides qualified immunity to employees of political subdivisions. Under R.C. 2744.03(A)(6) an employee of a political subdivision is immune from liability unless one of the following applies: "(a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities; (b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; (c) Civil liability is expressly imposed upon the employee by a section of the Revised Code. * * *."
 {¶ 33} The Ohio Revised Code does not expressly impose liability on police officers for false arrest. Moreover, Officer Flemming was acting within her employment as a police officer when she arrested Douglas Barstow. Thus, Officer Flemming is immune from liability unless appellants can show that she acted maliciously, in bad faith, or in a wanton or reckless manner.
 {¶ 34} "Malice" is the willful and intentional design to do injury or the intention or desire to harm another, usually seriously, through conduct that is unlawful or unjustified.Jackson v. Butler Cty. Bd. of Commrs. (1991),76 Ohio App.3d 448, 453-454, 602 N.E.2d 363; Cook v. Cincinnati (1995),103 Ohio App.3d 80, 90, 658 N.E.2d 814. "Bad faith" involves a dishonest purpose, conscious wrongdoing, intent to mislead or deceive, or the breach of a known duty through some ulterior motive or ill will. Jackson; Cook. "Wanton" misconduct is the failure to exercise any care whatsoever. Fabrey v. McDonaldVillage Police Dept. (1994), 70 Ohio St.3d 351, 353,639 N.E.2d 31, citing Hawkins v. Ivy (1977), 50 Ohio St.2d 114,363 N.E.2d 367, syllabus. Finally, "reckless" misconduct refers to misconduct that causes an unreasonable risk of harm and is "substantially greater than that which is necessary to make [the] conduct negligent." Thompson v. McNeil (1990),53 Ohio St.3d 102, 104-105, 559 N.E.2d 705, quoting 2 Restatement of Law 2d, Torts (1965), 587, Section 500.
 {¶ 35} Officer Flemming supported her motion for summary judgment with an affidavit designed to show that she did not act maliciously, in bad faith, or in a wanton or reckless manner. In the affidavit, Officer Flemming detailed the events leading up to Douglas Barstow's arrest. Additionally, she detailed the facts that she relied on to arrest Barstow. Officer Flemming stated: "I felt that I had adequate probable cause to arrest Douglas Barstow based on [A]'s statement and emotional condition, my experience in dealing with sexual assault victims, my training in issues of rape and sexual assault, the statement of [A]'s mother regarding bruising on [A]'s arms, and Douglas Barstow's known propensity as a sexual offender to commit this type of crime." Although appellants responded to the motion for summary judgment, they did not support their response with any Civ.R. 56 evidence.
 {¶ 36} When faced with a properly supported motion for summary judgment, the nonmoving party may not simply rely upon the allegations in the pleadings. Civ.R. 56(E); Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. Rather, the nonmoving party must provide some evidence showing that there is a genuine issue for trial. Civ.R. 56(E); Dresher.
 {¶ 37} In the present case, appellants failed to demonstrate that there is a genuine issue of material fact regarding Officer Flemming's immunity. Appellants have not pointed to any factual evidence showing that Officer Flemming acted maliciously, in bad faith, or in a wanton or reckless manner. Moreover, the subsequent negative DNA results and jury acquittal do not render Officer Flemming's initial actions in arresting Barstow malicious, wanton, or reckless. Since appellants failed to present evidence demonstrating a genuine factual dispute that Officer Flemming acted maliciously, in bad faith, or wantonly or recklessly, the trial court properly granted summary judgment to Officer Flemming. Accordingly, appellants' argument lacks merit.
 III. Attorney Carson {¶ 38} In their complaint, appellants alleged that Herman Carson told Douglas Barstow that "he could not get DNA tests or results". Thus, appellants alleged that Herman Carson was guilty of misrepresentation, malpractice, and "conspiracy to allow the malicious prosecution to continue against * * * Douglas Barstow." Carson responded by filing a motion for summary judgment. In his motion, Carson argued that appellants' complaint set forth a claim for legal malpractice, despite the various labels affixed to the claims. He further argued that appellants could not prove their claim for legal malpractice. Attached to the motion was an affidavit from Carson. In the affidavit, Carson detailed his qualifications and experience. He then set forth the facts relating to his representation of Douglas Barstow. According to Carson, he never told Douglas Barstow that he could not get a DNA test. Rather, he recommended that Barstow wait for the results of the state's DNA test before having an independent test performed. Carson stated in the affidavit that he "never deviated from the applicable standard of care in the community for criminal defense in [his] representation of * * * Douglas Barstow." Although appellants responded to Carson's motion, they failed to provide any Civ.R. 56 evidence.
 {¶ 39} Appellants' claims for misrepresentation and malpractice both stem from Carson's comments regarding the independent DNA test. Because the claims both arise out of the manner in which Carson represented Douglas Barstow within the attorney-client relationship, we will, for purposes of this opinion, treat them as a single claim for legal malpractice. See, e.g., Endicott v. Johrendt (June 22, 2000), Franklin App. No. 99AP-935.
 {¶ 40} In order to prevail on a claim for legal malpractice, a plaintiff must show: (1) an attorney-client relationship giving rise to a professional duty; (2) a breach of that duty; and (3) damages proximately caused by the breach. Krahn v. Kinney
(1989), 43 Ohio St.3d 103, 538 N.E.2d 1058, syllabus; Vahila v.Hall (1997), 77 Ohio St.3d 421, 674 N.E.2d 1164, syllabus. See, also, Georgeoff v. O'Brien (1995), 105 Ohio App.3d 373, 377,663 N.E.2d 1348.
 {¶ 41} Generally, the law requires plaintiffs in a legal malpractice action to produce expert testimony establishing the applicable standard of care, unless the breach is such that it comes within the ordinary knowledge and experience of the jury.McInnis v. Hyatt Legal Clinics (1984), 10 Ohio St.3d 112, 113,461 N.E.2d 1295; Bloom v. Dieckmann (1983), 11 Ohio App.3d 202,203, 464 N.E.2d 187. See, also Riley v. Clark (Nov. 10, 1999), Scioto App. No. 98CA2629. An affidavit from the defendant attorney is a legally sufficient basis upon which to grant a motion for summary judgment absent an opposing affidavit of a qualified expert witness for the plaintiff. See Hoffman v.Davidson (1987), 31 Ohio St.3d 60, 62, 508 N.E.2d 958. See, also, Roberts v. Hutton, 152 Ohio App.3d 412, 423,2003-Ohio-1650, 787 N.E.2d 1267; Hooks v. Ciccolini, Summit App. No. 20745, 2002-Ohio-2322; Brown v. Morganstern, Trumbull App. No. 2002-T-0164, 2004-Ohio-2930.
 {¶ 42} In the present case, Carson provided an affidavit detailing his qualifications and experience. Carson indicated that he is licensed as an attorney in Ohio and has been practicing in the area of criminal defense for over twenty years. He then set forth the facts regarding his representation of Douglas Barstow. In his affidavit, Carson stated that he took care to communicate with Barstow in a clear and understandable manner. Additionally, he indicated that he had fully investigated the facts of the matter, including obtaining discovery of the prosecutor's evidence and witnesses. Finally, Carson stated that he was in the process of preparing every available defense for trial and had met all court and statutory deadlines. Carson indicated in his affidavit that he "represented * * * Douglas Barstow at or above the standard of care for such representation in the community." He further indicated that he "never deviated from the applicable standard of care in the community for criminal defense in his representation of * * * Douglas Barstow."
 {¶ 43} Carson's testimony in his affidavit discharged his burden under Civ.R. 56(E). Appellants, however, failed to provide opposing expert testimony demonstrating that Carson breached a duty to Douglas Barstow. Moreover, the breach alleged by appellants, i.e., Carson's failure and/or refusal to order an independent DNA test, is not the type of obvious breach that is within the ordinary knowledge and experience of the jury. Thus, appellants needed to provide expert testimony regarding the applicable standard of care. McInnis, 10 Ohio St.3d at 113. Their failure to provide this expert testimony is fatal to their legal malpractice claim. Accordingly, the trial court properly granted summary judgment to Attorney Carson on appellants' claim for legal malpractice.
 {¶ 44} Appellants also allege in their complaint that Carson conspired with Prosecutor Larry Beal to allow the malicious prosecution of Douglas Barstow to continue.
 {¶ 45} Civil conspiracy is defined as "a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages." Williams v. Aetna Fin. Co., 83 Ohio St.3d 464,475, 1998-Ohio-294, 700 N.E.2d 859; Kenty v. TransamericaPremium Ins. Co., 72 Ohio St.3d 415, 419, 1995-Ohio-61,650 N.E.2d 863; LeFort v. Century 21-Maitland Realty Co. (1987),32 Ohio St.3d 121, 126, 512 N.E.2d 640. The malice involved is "`that state of mind under which a person does a wrongful act purposely, without a reasonable or lawful excuse, to the injury of another.'" Williams, quoting Pickle v. Swinehart (1960),170 Ohio St. 441, 442, 166 N.E.2d 227. An underlying unlawful act is required before a plaintiff can prevail on a civil conspiracy claim. Williams, citing Gosdon v. Louis (1996),116 Ohio App.3d 195, 219, 687 N.E.2d 481; Dickerson Internationale, Inc.v. Klockner (2000), 139 Ohio App.3d 371, 380, 743 N.E.2d 984. In the present case, appellants allege that malicious prosecution is the underlying unlawful act.
 {¶ 46} In a claim for malicious criminal prosecution, the plaintiff must show: "(1) malice in instituting or continuing the prosecution; (2) lack of probable cause; and (3) termination of the prosecution in favor of the accused." Trussell v. GeneralMotors Corp. (1990), 53 Ohio St.3d 142, 559 N.E.2d 732, syllabus. The "gist" of an action for malicious prosecution is lack of probable cause. Melanowski v. Judy (1921),102 Ohio St. 153, 131 N.E. 360, paragraph one of the syllabus. If the plaintiff cannot show lack of probable cause, the claim for malicious prosecution fails as a matter of law. Barnes v. MeijerDept. Store, Butler App. No. CA2003-09-246, 2004-Ohio-1716, citing Davis v. Peterson (Mar. 29, 1995), Summit App. No. 16883.
 {¶ 47} An indictment by the grand jury creates a presumption of probable cause. Adamson v. May Co. (1982),8 Ohio App.3d 266,268-69,456 N.E.2d 1212; Reimoehl v. Trinity Universal Ins.Co. (1998), 130 Ohio App.3d 186,196,719 N.E.2d 1000. See, also, Salisbury v. Bevens (June 26, 1996), Pike App. No. 95CA563; Belleno v. Superior Beverage Co., Inc., Trumbull App. No. 2001-T-0100, 2001-Ohio-7057;Doty v. Marquis, Jefferson App. No 99JE9, 2000-Ohio-2641. In order to overcome this presumption, the plaintiff must provide substantial evidence that the grand jury proceeding received perjured testimony or was otherwise significantly irregular. Adamson; Salisbury. See, also, Bacon v. Kirk (Oct. 31, 2000), Allen App. No. 1-99-33;Lynch v. Cty. of Medina Police Dept. (July 28, 1993), Medina App. No. 2179-M.
 {¶ 48} Appellants' complaint indicates that the grand jury indicted Douglas Barstow on charges of rape, corruption of a minor, and gross sexual imposition. Attorney Carson's affidavit also indicates that the grand jury indicted Douglas Barstow on these charges. Since the grand jury returned an indictment against Barstow, there is a presumption of probable cause. Appellants offered no evidence to rebut this presumption of probable cause. Thus, appellants failed to demonstrate a genuine issue of material fact concerning the issue of probable cause. Because appellants failed to demonstrate a genuine issue regarding the underlying unlawful act, summary judgment on the civil conspiracy claim was appropriate. Accordingly, appellants' argument lacks merit.
 {¶ 49} In summary, we conclude that the trial court properly granted summary judgment to Prosecutor Beal, Attorney Carson, and the City Defendants. Accordingly, we overrule appellants' second assignment of error.
 {¶ 50} Finally, we will address appellants' first and fifth assignments of error together. In their first assignment of error, appellants argue that the trial court erred by dismissing their case without a trial or hearing. In their fifth assignment of error, appellants argue that the court violated their constitutional rights by denying them the right to a trial by jury. They argue that granting the motion to dismiss and the motions for summary judgment deprived them of their right to a trial by jury.
 I. Civ.R. 56 {¶ 51} Although Civ.R. 56 makes reference to a hearing, the rule does not require an oral hearing on every motion for summary judgment. Hooten v. Safe Auto Ins. Co., 100 Ohio St.3d 8, 11,2003-Ohio-4829, 795 N.E.2d 648, citing Manor Care Nursing Rehab. Ctr. V. Thomas (1997), 123 Ohio App.3d 481, 486,704 N.E.2d 593 and Anania v. Daubenspeck Chiropractic (1998),129 Ohio App.3d 516, 522, 718 N.E.2d 480. See, also, Calhoun v.Heidari, Gallia App. No. 02CA20, 2003-Ohio-4156. Rather, the hearing contemplated by Civ.R. 56 may involve as little as the submission of memoranda and evidentiary materials for the court's consideration. Calhoun, citing Brown v. Akron Beacon JournalPublishing (1991), 81 Ohio App.3d 135, 139, 610 N.E.2d 507. See, also, Hooten, 100 Ohio St.3d at 11 ("The `hearing' contemplated by Civ.R. 56(C) may be either a formal, oral hearing * * * or a `nonoral,' informal one.") If a party desires an oral hearing on a motion for summary judgment, the party must request such a hearing. Calhoun, citing 2 Klein Darling, Ohio Civil Practice (1997), 570, Section 56-19.
 {¶ 52} Furthermore, Civ.R. 7(B) permits trial courts to `make provision by rule or order for the submission and determination of motions without oral hearings upon brief written statements of reasons in support or opposition." In accordance with this rule, the Hocking County Court of Common Pleas has enacted Loc.R. 8, which states: "(A) Motions, in general, shall be submitted and determined upon the motion papers hereinafter referred to. Oralarguments of the motions will be permitted on application andproper showing." (Emphasis added.) Here, appellants did not request an oral hearing on the defendants' motions for summary judgment. Therefore, the trial court did not err in ruling on the motions without an oral hearing.
 {¶ 53} Additionally, the right to a jury trial is only enforceable where there are factual issues to be tried. Conleyv. Willis, Scioto App. No. 00CA2746, 2001-Ohio-2410. Accordingly, the proper granting of a motion for summary judgment does not abridge an individual's constitutional right to a jury trial. Id., citing Tschantz v. Ferguson (1994),97 Ohio App.3d 693, 713, 647 N.E.2d 507. See, also, Penix v. Boyles,
Lawrence App. No. 02CA15, 2003-Ohio-2856, ¶ 38; Western CreditUnion v. Johnson, Hocking App. No. 02CA1, 2002-Ohio-4991. Since we have found that the granting of the defendants' motions for summary judgment was proper, we conclude that appellants were not deprived of their right to a trial by jury. Thus, appellants' argument lacks merit.
 II. Civ.R. 12(B)(6) {¶ 54} As noted above, Loc.R. 8 of the Court of Common Pleas of Hocking County requires a party to request an oral hearing if he or she desires such a hearing. Here, appellants did not request an oral hearing on the Civ.R. 12(B)(6) motion filed by Judge Wallar and Judge Gerken. Consequently, the trial court did not err in deciding the motion without an oral hearing.
 {¶ 55} Additionally, the right to a trial by jury is not compromised if the plaintiff has not set forth a cognizable claim. See Winkle v. Southdown, Inc. (Sept. 3, 1993), Greene App. No. 92-CA-107; Justice v. Nationwide Ins. Co. (May 27, 1999), Franklin App. No. 98AP-1083; Teichman v. Weltman (May 2, 1996), Cuyahoga App. Nos. 69003, 69005, and 69006. Moreover, procedural motions that properly "winnow out" nonmeritorious claims do not infringe upon an individual's right to a trial by jury. See, generally, Tschantz, 97 Ohio App.3d at 713, citingHouk v. Ross (1973), 34 Ohio St.2d 77, 83-84, 296 N.E.2d 266. Earlier, we concluded that the trial court properly granted the Civ.R. 12(B)(6) motion filed by Judge Wallar and Judge Gerken. Since the court's dismissal was proper, it did not deprive appellants of their right to a trial by jury. Accordingly, appellants' argument has no merit.
 {¶ 56} In summary, we conclude the trial court did not err in granting the defendants' motions without an oral hearing as appellants never requested one. In addition, we conclude that the trial court did not deprive appellants of their right to a trial by jury since the trial court properly granted the defendants' motions. Accordingly, we overrule appellants' remaining assignments of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellees recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Abele, J.: Concur in Judgment and Opinion.
[1] Although the trial court's judgment entry spells Judge Wallar's surname with an "e", the record indicates that the proper spelling is Wallar, with an "a".
[2] According to Carson, he terminated the attorney-client relationship.