JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, John McCormick ("McCormick"), appeals from the decision of the Cuyahoga County Court of Common Pleas granting the motion to dismiss filed by appellee, Honorable Judge Patrick Carroll, and the motion to dismiss filed by appellees Mary Kay Schabel and the City of Lakewood. For the reasons adduced below, we affirm.
 {¶ 2} McCormick filed a civil complaint on August 14, 2003, alleging various acts of misconduct by the appellees in the course of a criminal case in which McCormick was convicted and sentenced for driving under the influence, driving under suspension, and child endangering. The complaint contains three counts purportedly raising civil rights violations based on allegations of judicial misconduct, excessive sentencing, conspiracy, slander, and harassment.
 {¶ 3} Appellees filed motions to dismiss under Civ.R. 12(B)(6), which were granted by the trial court. McCormick has appealed the dismissal of the action, raising six assignments of error for our review.
 {¶ 4} We recognize that McCormick brought this action pro se. Pro se civil litigants are presumed to have knowledge of the law and legal procedures, and we are to hold them to the same standards as litigants who are represented by counsel. Quinn v.Paras, Cuyahoga App. No. 82529, 2003-Ohio-4952. Further, pro se litigants are not to be accorded greater rights and they must accept the results of their own errors and mistakes. Diguilio v.Diguilio, Cuyahoga App. No. 81860, 2003-Ohio-2197.
 {¶ 5} An appellate court reviews de novo the granting of a motion to dismiss based on Civ.R. 12(B)(6). Leski v. Ricotta,
Cuyahoga App. No. 83600, 2004-Ohio-2860. "When reviewing a judgment granting a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim, an appellate court must independently review the complaint to determine whether dismissal was appropriate. The appellate court need not defer to the trial court's decision in Civ.R. 12(B)(6) cases. Dismissal of a claim for failure to state a claim upon which relief may be granted is appropriate only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. In construing a complaint on a motion to dismiss pursuant to Civ.R. 12(B)(6), a court must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the non-moving party. However, a court need not presume the truth of conclusions unsupported by factual allegations." Guess v. Wilkinson (1997), 123 Ohio App.3d 430,433-434 (internal citations omitted).
 {¶ 6} McCormick's first assignment of error provides:
 {¶ 7} "1. The lower court erred in that it dismissed Plaintiff's Complaint without benefit of an opinion thereby precluding effective appellate review."
 {¶ 8} There is no requirement for the lower court to have written an opinion. See Crabtree v. Board of Education (1970),26 Ohio App.2d 237, 242, citing Freeman v. The State of Ohio
(1936), 131 Ohio St. 85. The trial court need only issue a judgment entry that contains a "clear and concise pronouncement of the Court's judgment" and "a sufficient pronouncement of its decision upon which to review the issues raised by appellants' appeal." Powers v. Ferro Corp., Cuyahoga App. No. 79383, 2002-Ohio-2612, quoting Rogoff v. King (1993),91 Ohio App.3d 438, 449.
 {¶ 9} Here, the trial court issued a final judgment entry which dismissed the action on motion of the defendants. The court applied the motion to dismiss standard and found that the plaintiff could prove no set of facts warranting recovery. We find the trial court's final judgment entry adequately provides this court with a sufficient pronouncement of its decision upon which to review the issues raised by McCormick's appeal.
 {¶ 10} McCormick's first assignment of error is overruled.
 {¶ 11} McCormick's second assignment of error provides:
 {¶ 12} "2. The lower court erred in not allowing a Pro Se Plaintiff the opportunity to amend his complaint once the Defendant(s) asserted judicial immunity as a defense."
 {¶ 13} The motions to dismiss that were filed by the appellees to this action asserted that appellees had immunity from McCormick's claims. McCormick filed briefs in opposition to those motions. However, McCormick never sought to amend his complaint, even though he could have done so without leave of court after appellees filed their motions, since a motion to dismiss under Civ.R. 12(B)(6) is not a responsive pleading. See Civ.R. 12(B).
 {¶ 14} McCormick seems to imply that the court should nevertheless have provided him with an opportunity to amend. However, the trial court had no duty to give McCormick deference or an additional opportunity to re-plead. See Helfich v. City ofPataskala, Licking App. 02 CA 38, No. 2003-Ohio-847.
 {¶ 15} McCormick's second assignment of error is overruled.
 {¶ 16} McCormick's remaining assignments of error all relate to the trial court's dismissal of the action for failure to state a claim upon which relief can be granted. Upon our independent review of the complaint, we find that the dismissal was appropriate. This court will address the immunity issue first, since we find that issue to be dispositive.
 {¶ 17} In this case, McCormick seeks to impose liability on Judge Carroll for actions taken in relation to McCormick's criminal proceedings. However, it is well settled that judges have absolute immunity and may not be held civilly liable for money damages for actions taken in their judicial capacity.Triplett v. Connor (Sept. 3, 2004), 6th Cir. No. 03-4013;Metzenbaum v. Krantz, Portage App. No. 2002-P-0124, 2003-Ohio-6415, quoting State ex rel. Fisher v. Burkhardt,66 Ohio St.3d 189, 191, 1993-Ohio-187. Judicial immunity dissolves only under two circumstances: (1) if the judge has acted in a non-judicial capacity; or (2) if the judge has performed judicial acts in the complete absence of all jurisdiction. Triplett,
supra.
 {¶ 18} In this case, Judge Carroll presided in the Lakewood Municipal Court and had subject matter jurisdiction over McCormick's criminal case. The actions complained of by McCormick primarily relate to the actions of Judge Carroll with respect to McCormick's sentencing and probation in his criminal case. These actions fall within the scope of judicial immunity.
 {¶ 19} McCormick also complains of the judge's personal conduct against McCormick and his attorneys during the proceedings. We are very cognizant of the claims that have been raised by McCormick. We recognize that judges should be temperate in their conduct towards defendants. However, the law provides that "a judge is immune from civil liability for actions taken within the judge's official capacity, even if those actions were in error, in excess of authority or malicious." Walk v. OhioSupreme Court, Franklin App. No. 03AP-205, 2003-Ohio-5343, citing State ex rel. Fisher, 66 Ohio St.3d at 191. Since Judge Carroll acted in his judicial capacity with respect to the proceedings and none of his actions were taken in the clear absence of all jurisdiction, Judge Carroll is immune from civil liability.
 {¶ 20} We also find that the City of Lakewood is a political subdivision entitled to immunity as provided under R.C. 2744.02
and 2744.03. See Helfrich, supra. Additionally, appellee Mary Kay Schabel, a probation officer, is protected under the umbrella of absolute immunity for actions taken within the scope of her employment. See Clover v. Joliff, Trumbull App. No. 2001-T-0135, 2002-Ohio-5161; R.C. 2744.03.
 {¶ 21} McCormick's third, fourth, fifth and sixth assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, P.J., and Cooney, J., Concur.