[Cite as *Niepsuj v. Doe*, 2015-Ohio-3864.]

**IN THE COURT OF APPEALS**

**NINTH APPELLATE DISTRICT**

**SUMMIT COUNTY, OHIO**


VINCENT NIEPSUJ,                          :          **O P I N I O N**

          Plaintiff-Appellant,          :
                                                            **CASE NO.  27594**
    - vs -                                   :

SUSAN DOE, ATTORNEY,              :

          Defendant-Appellee.          :


Civil Appeal from the Summit County Court of Common Pleas.
Case No. CV 2013 12 6026.

Judgment:  Affirmed.


*Stephan Kremer*, Roderick, Myers & Linton, 1500 One Cascade Plaza, Akron, OH 44308 (For Plaintiff-Appellant).

*Vincent Niepsuj,* pro se, 400 West Avenue, Suite A1, Buffalo, NY 14224 (Defendant-Appellee).


TIMOTHY P. CANNON, P.J.


{¶1}    This appeal is from a final judgment in a legal malpractice case before the Summit County Court of Common Pleas.  Appellant, Vincent Niepsuj, contests the trial court's decision granting summary judgment for appellee, Attorney Susan B. Vogel, on his sole claim for relief.  Specifically, appellant asserts that the trial court erred in ruling that he could not proceed on his malpractice claim because he could not find an expert witness to testify on his behalf.  For the following reasons, the trial court's holding is

affirmed.

{¶2} In April 2011, appellant's former spouse filed a petition for a civil protection order against him in Summit County domestic relations court. After issuing a temporary civil protection order, the trial court scheduled the matter for a full hearing before a court magistrate on April 13, 2011. According to the allegations in appellant's complaint, one day prior to the scheduled date, appellant contacted appellee and requested that she represent him at the full hearing. Appellee accepted, and she met with him approximately one hour before the hearing to discuss the case for the first time. Although appellant continued to contact appellee about the case after the hearing, her representation of him soon ended.

{¶3} Fifty days after the hearing, the court magistrate issued a form judgment granting a civil protection order against appellant. Acting pro se, appellant submitted objections to the magistrate's decision and a Civ.R. 60(B) motion for relief from the civil protection order. However, the domestic relations court overruled each submission and upheld the magistrate's decision.

{¶4} Approximately thirteen months after the termination of their attorney-client relationship, appellant instituted his first malpractice action against appellee. Ultimately, he chose to voluntarily dismiss that action under Civ.R. 41(A). One year later, though, appellant initiated the underlying case, again alleging that appellee had committed legal malpractice in representing him at the April 2011 "civil protection order" hearing. In his amended complaint, he set forth eighteen different allegations of malpractice under his sole claim for relief.

{¶5} In the caption of his amended complaint, appellant referred to appellee as "Unnamed Susan Doe Attorney." However, in all of appellee's various filings throughout

2

the case, her own counsel referenced her using her complete proper name.

{¶6} Once appellee answered the amended complaint, the trial court held a pretrial conference. After that proceeding on June 5, 2014, the court issued a judgment that scheduled various deadlines in the case. In relation to the disclosure of expert witnesses, the judgment ordered that appellant had until September 5, 2014, to inform appellee of the names of all such expert witnesses "with reports" he intended to call at trial. The judgment further provided that the failure to comply with that order or any other court order could result in the dismissal of the case.

{¶7} On September 6, 2014, appellant filed a notice with the trial court, stating that he had been unable to secure an expert witness to testify on his behalf. As part of this notice, appellant gave an explanation concerning the steps he had taken to obtain an expert. As a separate point, he also argued that he should not be required to have an expert in order to proceed because appellee's legal errors were so obvious that a lay person did not need assistance in finding that malpractice had occurred.

{¶8} Four days after the submission of appellant's notice, appellee moved the trial court to dismiss the case pursuant to Civ.R. 12(B)(6) and Civ.R. 41(B)(1). As the primary basis for the motion, she maintained that appellant failed to comply with the court's scheduling order by not obtaining an expert witness with report by the required date. She further maintained that dismissal of the entire case was warranted because, without an expert, appellant would not be able to establish a breach of duty.

{¶9} In responding to the motion to dismiss, appellant moved the trial court for a temporary stay of the proceedings. He asserted that a stay was necessary because (1) he needed more time to locate an exhibit that had been introduced into evidence during the hearing in the "civil protection order" case; and (2) he was waiting for a ruling

on a new motion he had filed in the "civil protection order" case. As to the need for an expert witness, he only stated that he was still taking steps to try to find an attorney who would testify on his behalf.

{¶10} Appellee moved to convert her motion to dismiss to a motion for summary judgment. As part of the motion to dismiss, she attached as an exhibit a copy of appellant's September 6, 2014 notice to the trial court on the "expert witness" issue. Notwithstanding the fact that the notice had already been filed as part of the record, appellee evidently concluded that her motion had to be one for summary judgment because she had submitted an exhibit. In a separate judgment, the trial court granted the motion to convert and ordered that a copy of the judgment be sent to appellant.

{¶11} On October 22, 2014, the trial court issued its final determination granting summary judgment in favor of appellee on the sole count of legal malpractice. After noting that appellant had failed to comply with its scheduling order by not identifying an expert witness by September 5, 2014, the trial court reviewed his malpractice allegations and held that he would need expert testimony in order to demonstrate a breach of duty.

{¶12} In appealing the summary judgment decision, appellant has asserted only two assignments of error for review:

> [1.] The trial court erred in granting summary judgment when the material issue of fact or of law concerning the need for a legal expert was not certainly established, given that several of the allegations could be easily understood by a lay (jury) person as equating with care well short of that needed to defend a father in a fleeting, preponderance burden of proof, CPO hearing.
>
> [2.] The trial court in granting summary judgment when there was a pending motion for stay on filed by the plaintiff/appellant almost 1 month earlier on September 23, 2014 and a pending motion for leave to respond to plaintiff's revised request for admissions filed by

4

the defendant/appellee 4.5 hours before the court granted summary judgment.

{¶13} Under his first assignment, appellant challenges the trial court's ruling that he needed an expert witness before he could prove that appellee acted negligently in representing him during the proceeding for the civil protection order. He contends that no expert was necessary because many of his malpractice allegations were so simple and straightforward that a lay person could understand them without further explanation.

{¶14} A claim for legal malpractice can be predicated upon negligence, breach of contract, or both. *Perotti v. Beck*, 7th Dist. Mahoning No. 00 CA 249, 2001 Ohio App. LEXIS 4535, *7 (Sept. 24, 2001). To prevail on such a claim, a plaintiff must prove three elements: (1) the existence of an attorney-client relationship giving rise to a professional duty; (2) a breach of that duty by the attorney; and (3) damages which were proximately caused by the breach. *Barstow v. Waller*, 4th Dist. Hocking No. 04CA5, 2004-Ohio-5746, ¶40.

{¶15} "Generally, expert testimony is required to support a claim of attorney malpractice." *Perotti*, *supra*, at *7-8. Accordingly, in many instances, "[a]n affidavit from the defendant attorney is a legally sufficient basis upon which to grant a motion for summary judgment absent an opposing affidavit of a qualified expert witness for the plaintiff." *Barstow*, *supra*, at ¶41.

{¶16} The Supreme Court of Ohio has recognized one exception to the "expert witness" requirement: i.e., a legal malpractice claim can be established notwithstanding the lack of expert testimony when the alleged breach of professional duty falls within the common understanding of a lay person. *McInnis v. Hyatt Legal Clinics*, 10 Ohio St.3d 112, 113 (1984). In *McInnis*, the client hired the law firm to represent him in a divorce

5

action. As part of their preliminary discussion, the client told one of the attorneys that he did not want the filing of the action to be cited in a local newspaper. Even though the attorney assured the client that no publication was necessary, the law firm subsequently used a newspaper to obtain service of the complaint. In rejecting the firm's contention that the client could not prevail on his malpractice claim without presenting any expert testimony, the *McInnis* court held that no expert was necessary when the nature of the breach was such that it falls within the ordinary knowledge of the jury. *Id.*

{¶17} As noted above, appellant's amended complaint listed eighteen different allegations of malpractice by appellee. However, in his appellate brief, he has focused upon three basic points. First, he maintains that appellee was not properly prepared for the April 13, 2011 hearing. In support of this point, he emphasizes that appellee failed to obtain a mental health expert to testify, did not submit any exhibits, did not know who the opposing witnesses were and did not adequately question them, did not move for a continuance, and appeared to be confused about the exact facts of the case. Second, appellant submits that appellee improperly chastised him before the domestic relations magistrate concerning a telephone call he made to a local minister. Third, he contends that appellee did not properly contest or object to a finding made by the magistrate as to whether he had engaged in behavior that traumatized his sons.

{¶18} Regarding appellant's "preparedness" allegation, this court would note that he expressly alleges in his amended complaint that he did not contact appellee about representing him in the "civil protection order" action until one day before the scheduled hearing. He also alleges that they first met about the case for one hour prior to the hearing. Given these circumstances, expert testimony would absolutely be needed to establish the degree or quality of representation a client could legitimately expect when

6

the attorney has been afforded such a short time to prepare. For example, a lay person would not know whether an attorney could realistically be expected to submit exhibits or call any witnesses on such short notice.

{¶19} As to the "chastisement" allegation, appellee's decision to admit fault on a particular factual point could have been part of her trial strategy; accordingly, an expert would be needed to show whether the strategy was legitimate. Concerning the failure to object to the "trauma" finding, expert testimony would be necessary to show whether any logical objection could be made in light of the evidence heard by the magistrate.

{¶20} In *McInnis*, the nature of the alleged attorney negligence was such that a person did not need any legal background to understand why the attorney's acts had fallen below the applicable standard of care. This cannot be said of the allegations cited by appellant in his appellate brief or of the other allegations contained in his complaint. At a minimum, in order to adequately evaluate appellee's actions during the April 2011 hearing, a person would need general knowledge of the procedure governing a domestic violence civil protection proceeding. Clearly, an ordinary lay person would not have that knowledge.

{¶21} After the passage of the September 5, 2014 deadline for identifying his expert witness, appellant filed a notice in which he specifically stated that, although he had made a serious effort to secure an expert, he had been unable to do so. Given that the underlying case had been pending for eight months by that date, and the fact the case was previously filed and ultimately dismissed when appellant could not find an expert, the trial court could justifiably conclude that appellant was simply unable to find an attorney who would be willing to testify that appellee had acted negligently. Under such circumstances, the granting of the motion to dismiss for failure to comply with the

7

court's order or summary judgment was warranted because, in the absence of any expert testimony, appellant would not be able to satisfy the "breach" element of his malpractice claim. For this reason, his first assignment is without merit.

{¶22} Under his second assignment, appellant argues that the trial court erred in going forward on appellee's summary judgment motion without first issuing a ruling on his motion to stay the trial proceeding and appellee's motion for leave to respond to his requests for admissions. In essence, he contends that if appellee had been given more time in which to respond to his discovery request, he may have been able to submit evidentiary materials that could have created a factual dispute as to a material fact.

{¶23} As to this point, this court reiterates that the trial court's decision to grant judgment in favor of appellee was not based upon the lack of a dispute as to any material fact, but instead was based solely upon appellant's failure to obtain an expert witness prior to the September 5, 2014 deadline. Appellant had been repeatedly told by the trial court, in the prior case and in this refiled case, that he needed an expert and a written report of that expert. Appellant was either unable to locate an expert or ignored the trial court's order. Either reason would justify the trial court granting judgment in appellee's favor. Appellant has failed to show or argue how he could have used appellee's discovery response to establish he did not need an expert.

{¶24} As part of this assignment, appellant further asserts that he was denied a fair opportunity to present evidentiary materials supporting his position after appellee's motion to dismiss was converted into one for summary judgment. However, appellant has not assigned the lack of notice as error and has not identified any evidentiary material that could have addressed his problem of failing to produce an expert as ordered by the trial court. Because he has not assigned any lack of notice and how that

8

may have prejudiced him as error, we decline to address it here. *See* App.R. 12(A)(2) and App.R. 16(A). Given the repeated notice to appellant of the need for an expert witness, in this case and in the last case, any lack of adequate notice was not prejudicial to appellant.

{¶25} Moreover, the law is clear that when a trial court fails to rule on a pending motion, it is assumed the trial court overruled the motion. *Arthur v. Arthur*, 130 Ohio App.3d 398, 413 (5th Dist.1998).

{¶26} In this case, the motion to stay would properly have been overruled. The trial court, under these circumstances, was justified in bringing this case to a conclusion. Because the merits of appellant's motion to stay and appellee's motion for leave were rendered moot by the trial court's granting of summary judgment, and are considered overruled, the court's failure to rule upon the two motions did not adversely affect the outcome of the action. As a result, appellant's second assignment is also not well-taken.

{¶27} The judgment of the Summit County Court of Common Pleas is affirmed.

{¶28} We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

{¶29} Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

9

{¶30} Costs taxed to appellant.

_____
PRESIDING JUDGE TIMOTHY P. CANNON
Eleventh Appellate District,
Sitting by Assignment.

CYNTHIA WESTCOTT RICE, J.,
Eleventh Appellate District,
Sitting by Assignment,

THOMAS R. WRIGHT, J.,
Eleventh Appellate District,
Sitting by Assignment,

concur.