[Cite as *Stanford v. Williams*, 2024-Ohio-3395.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

MICHAEL STANFORD

    Appellant

    v.

BRUCE WILLIAMS

    Appellee

C.A. No.     30839

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV-2019-04-1536

DECISION AND JOURNAL ENTRY

Dated: September 4, 2024

HENSAL, Judge.

{¶1} Michael Stanford appeals a judgment of the Summit County Court of Common Pleas. For the following reasons, this Court affirms in part and reverses in part.

I.

{¶2} Mr. Stanford filed an action against his attorney, Bruce Williams, alleging legal malpractice, fraud, negligent infliction of emotional distress, and breach of contract. Specifically, Mr. Stanford alleged that Attorney Williams erroneously counseled him to enter no contest pleas to charges of assault and falsification and failed to file objections to a magistrate's decision that granted a civil stalking protection order. After the trial court granted Attorney Williams' motion to dismiss the claims of fraud and negligent infliction of emotional distress, the matter proceeded to a bench trial before a magistrate on the claims for legal malpractice and breach of contract. The magistrate found in favor of Attorney Williams.

{¶3}     Mr. Stanford objected to the magistrate's decision, raising 18 objections for the trial court's review.   The trial court overruled each of Mr. Stanford's objections and adopted the magistrate's decision in a general order.   It later entered judgment against Mr. Stanford, stating:

> [Mr. Stanford's] complaint fails for want of proof and is dismissed, with prejudice. Attorney Williams did not breach any duty of care owed to [Mr.] Stanford.   The [c]ourt further finds that Attorney Williams did not breach the terms of the contract for legal services with [Mr.] Stanford.

Mr. Stanford has appealed, assigning as error that the trial court incorrectly entered judgment for Attorney Williams.

## II.

### ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED GRANTING JUDGMENT FOR [ATTORNEY WILLIAMS] WHEN SUFFICIENT EVIDENCE WAS PRESENTED THAT [ATTORNEY WILLIAMS] BREACHED THE DUTY OF CARE OWED TO [MR. STANFORD] AND THAT [ATTORNEY WILLIAMS'] REPRESENTATION OF [MR. STANFORD] FELL BELOW THE APPLICABLE STANDARD OF CARE OF ATTORNEYS IN OHIO.

{¶4}     In his assignment of error, Mr. Stanford argues that the trial court erred when it concluded that he did not present sufficient evidence that Attorney Williams' representation in the assault and falsification cases breached a duty of care.   He also argues that the trial court erred when it concluded there was insufficient evidence that he had an attorney-client relationship with Attorney Williams and that Attorney Williams did not breach the duty of care as to his attempt to challenge the civil stalking protection order.

{¶5}     "Generally, the decision to adopt, reject, or modify a magistrate's decision lies within the discretion of the trial court and should not be reversed on appeal absent an abuse of discretion." *Niederst v. Niederst*, 2018-Ohio-5320, ¶ 10 (9th Dist.), quoting *Barlow v. Barlow*, 2009-Ohio-3788, ¶ 5 (9th Dist.).   "In so doing, we consider the trial court's action with reference

to the nature of the underlying matter." *Tabatabai v. Tabatabai*, 2009-Ohio-3139, ¶ 18 (9th Dist.). "In a civil case, in which the burden of persuasion is only by a preponderance of the evidence, rather than beyond a reasonable doubt, evidence must still exist on each element (sufficiency) and the evidence on each element must satisfy the burden of persuasion (weight)." *Lubanovich v. McGlocklin*, 2014-Ohio-2459, ¶ 8 (9th Dist.), quoting *Eastley v. Volkman*, 2012-Ohio-2179, ¶ 19. *See also Baaron, Inc. v. Davidson*, 2015-Ohio-4217, ¶ 13 (9th Dist.). Accordingly, we must determine whether Mr. Stanford presented evidence sufficient to meet the elements of a legal malpractice claim.

{¶6} "A claim for legal malpractice can be predicated upon negligence, breach of contract, or both." *Niepsuj v. Doe*, 2015-Ohio-3864, ¶ 14 (9th Dist.), citing *Perotti v. Beck*, 2001 WL 1198987, *3 (7th Dist. Sept. 24, 2001). "To prevail on such a claim, a plaintiff must prove three elements: (1) the existence of an attorney-client relationship giving rise to a professional duty; (2) a breach of that duty by the attorney; and (3) damages which were proximately caused by the breach." *Id.* at ¶ 14, citing *Barstow v. Waller*, 2004-Ohio-5746, ¶ 40 (4th Dist.).

{¶7} The Ohio Supreme Court has explained that "an attorney-client relationship need not be formed by an express written contract or by the full payment of a retainer. Instead, . . . an attorney-client relationship may be created by implication based upon the conduct of the parties and the reasonable expectations of the person seeking representation." *Schottenstein Zox & Dunn Co., L.P.A. v. Reineke*, 2011-Ohio-6201, ¶ 15 (9th Dist.), quoting *Cuyahoga Cty. Bar Assn. v. Hardiman*, 2003-Ohio-5596, ¶ 8; *see also New Destiny Treatment Ctr., Inc. v. Wheeler*, 2011-Ohio-2266, ¶ 26. Indeed, "[t]he determination of whether an attorney-client relationship was created turns largely on the reasonable belief of the prospective client." *Hardiman* at ¶ 10.

**{¶8}** Mr. Stanford has presented different arguments for his assault and falsification cases than his civil-stalking-protection-order case, so we will consider the criminal and civil cases separately. In overruling Mr. Stanford's objections to the magistrate's decision regarding the criminal cases, the trial court stated, in relevant part:

> [Mr.] Stanford's Objection 4 takes issue with the magistrate's finding that Attorney Williams did not breach the duty of care owed to [Mr.] Stanford. [Mr.] Stanford cites the testimony of his expert witness, who opined that [Mr.] Stanford's criminal charges would have been dismissed due to the unavailability of the alleged victim in the case. Attorney Williams' expert witness opined that [Mr.] Stanford received a favorable plea deal and made the decision to take it based on Attorney Williams' advice. Here, the magistrate found Attorney Williams' expert's opinion more convincing and based his decision in part, upon it. The court finds that the magistrate property determined this factual issue and appropriately applied the law. [Mr. Stanford's] Objection 4 is overruled.
>
> . . .
>
> [Mr.] Stanford's Objections 7, 8 and 9 relate to the magistrate's finding that [Attorney] Williams provided advice about the possible outcomes of trial, the negotiated plea of his case, and the reasonableness of the plea. [Mr.] Stanford argues that the magistrate's conclusion conflicts with his expert's testimony that the unavailability of the alleged victim could have resulted in [Mr.] Stanford's charges being dismissed. However, the magistrate found the testimony by [Mr.] Stanford's expert to be speculative, and relied instead on other testimony and evidence in ultimately concluding that [Attorney] Williams' advice did not constitute a breach of the standard of care. Accordingly, the court overrules [Mr. Stanford's] objections numbers 7, 8 and 9.
>
> [Mr.] Stanford's Objections 10, 11 and 12 relate to the magistrate's finding that it would have been speculative to assume that the victim would not appear for trial and that it would necessarily follow that the charges against [Mr.] Stanford would be dismissed. This Objection is similar to the ones addressed above. While the record in this case indicates that the victim may not have appeared for trial, this court cannot automatically assume that she would not have done so. Further, her failure to appear could have resulted in other court actions, such as a continuance of trial. Accordingly, the magistrate properly concluded that [Mr.] Stanford's theory that the victim would fail to appear, and the charges against him would necessarily be dismissed, was speculative and not supported by the evidence presented at trial. Objections 10, 11 and 12 are overruled.

**{¶9}** Regarding the assault and falsification cases, the parties do not dispute an attorney-client relationship existed between Mr. Stanford and Attorney Williams. Regarding whether Attorney Williams breached the duty of care, the record supports the trial court's determination that he did not breach it. Specifically, there was ample evidence against Mr. Stanford in the criminal cases, including Mr. Stanford's own statements against interest to the police and witnesses other than the victim. Attorney Williams relayed the State's plea offers to Mr. Stanford, and Mr. Stanford chose to accept those offers. Moreover, Mr. Stanford relies solely upon speculation to support his argument that the State would have dismissed the criminal cases, in their entirety, if the victim did not appear in court. As such, the trial court did not err in concluding Mr. Stanford's malpractice claim failed as to the criminal cases because Attorney Williams did not breach any duty of care to Mr. Stanford.

**{¶10}** Turning to the civil stalking protection order, the trial court stated, in relevant part:

[Mr.] Stanford's Objections 14, 15, 17 and 18 take issue with the magistrate's finding that Attorney Williams is not liable for the failure to timely file objections to the issuance of the [civil stalking protection order] against him. Following the issuance of the [civil stalking protection order], [Mr.] Stanford engaged [J.S.] to pursue an appeal. While an attorney-client relationship existed between [Mr.] Stanford and [Attorney] Williams with respect to handling the [civil stalking protection orders], [Attorney] Williams' engagement letters all indicated that he does not handle appeals and that he was referring the matter to [J.S.] [J.S.] was engaged to handle the objection and/or appeal of the [civil stalking protection order]. The magistrate properly concluded that the objection and/or appeal of the [civil stalking protection order] [was] [J.S.'s] responsibility- not [Attorney] Williams. Objections 14, 15, 17 and 18 are overruled.

**{¶11}** At trial, Mr. Stanford presented evidence that Attorney Williams represented him in a series of criminal and civil cases. There are two fee agreements in the record that identify the criminal cases by name – assault and falsification – and identify the civil-stalking-protection-order cases by county – Mahoning and Trumbull. The fee agreements do not specify the case numbers associated with the description of the matters. The trial court, however, determined "an attorney-

client relationship existed between [Mr.] Stanford and [Attorney] Williams with respect to handling the [civil stalking protection orders]." Neither party challenges this conclusion.

**{¶12}** Mr. Stanford testified that Attorney Williams advised him to attend the hearing in one of the civil stalking protection order cases on his own because he was too busy and because Mr. Stanford had enough evidence to defeat the civil stalking protection order. Attorney Williams, on the other hand, denied telling Mr. Stanford he was too busy to attend the hearing. Mr. Stanford also testified that Attorney Williams advised him not to incriminate himself at the civil stalking protection order hearing as to the assault or falsification charges. Mr. Stanford attended the hearing without Attorney Williams, and a magistrate subsequently issued a civil stalking protection order against Mr. Stanford.

**{¶13}** Mr. Stanford testified that, approximately two days after learning about the issuance of the civil stalking protection order, he spoke with Attorney Williams at Attorney Williams' office, regarding his options to challenge the order. Mr. Stanford testified that he believed Attorney Williams and J.S. were working together on the matter. In correspondence to Mr. Stanford dated October 27, 2016, the other attorney stated, in pertinent part:

> This will confirm our phone discussion today during which I informed you that *Attorney Williams has asked for my assistance in the appeal of the [c]ivil [p]rotection [o]rder.* This will confirm that you authorized me to represent you in the appeal. *Any retainer you paid to Attorney Williams for the appeal will apply to my legal representation also.* There is no need for any additional retainer at this time.
>
> *We have ordered the transcript of the hearing.* I expect to have this by early next week. As we discussed, I will meet you at Attorney Williams['] office on Wednesday, November 2, 2016[,] at 2 p.m. to discuss the appeal.

(Emphasis added.) Notably, the attorney sent this correspondence to Mr. Stanford one day before the expiration of the 14-day period for filing objections to the magistrate's decision. The

correspondence did nothing to dispel Mr. Stanford's reasonable belief that both Attorney Williams and the other attorney represented him in challenging the civil stalking protection order.

{¶14}   The other attorney testified that she misread the magistrate's decision and believed it to be the trial court's final, appealable order. She indicated that is why she did not file objections to the magistrate's decision before filing an appeal. Both attorneys testified that Attorney Williams did not advise the other attorney that objections needed to be filed. Mr. Stanford testified that Attorney Williams never discussed having to file objections to the magistrate's decision to challenge the civil stalking protection order. When asked if he advised the other attorney regarding the need to file objections to the magistrate's decision, Attorney Williams testified: "[y]ou know, [J.S.] is so smart that I thought that she would have known that and done that. You know what I mean? The thought never crossed my mind that this would have ever occurred."

{¶15} The record contains sufficient evidence to establish that an attorney-client relationship existed between Attorney Williams and Mr. Stanford as to the protection order case at the time Mr. Stanford had to file objections to the magistrate's decision. Although Attorney Williams argues that he does not handle appeals, objections to a magistrate's decision are part of the trial court proceedings. Objections are filed in the trial court and are decided by the trial court, whether they are filed under Civil Rule 53(D)(3)(b) or 65.1(F)(3)(d), as they would have been in the protection order case. "When reviewing a magistrate's decision, the trial court is not acting as an appellate court, but rather views all evidence and testimony de novo." *Kovacs v. Kovacs*, 2004-Ohio-2777, ¶ 6 (6th Dist.). Furthermore, there is no evidence in the record to support any other meaning of the word "appeal" than that which is specified in the civil, criminal, and appellate rules.

{¶16} The record also supports the fact that Mr. Stanford reasonably believed that Attorney Williams would do what was necessary to challenge the magistrate's decision. Attorney

Williams gave Mr. Stanford legal advice regarding the proceedings before the magistrate by telling him he had enough evidence to defeat the allegations without counsel present. In addition, Attorney Williams advised Mr. Stanford not to incriminate himself at the civil stalking protection order hearing, met with Mr. Stanford regarding the matter at his own law office, and accepted a retainer. *See Sayyah v. Cutrell*, 143 Ohio App.3d 102, 111 (12th Dist. 2001) ("An attorney-client relationship exists in the traditional sense when 'an attorney advises others as to their legal rights, a method to be pursued, the forum to be selected, and the practice to be followed for the enforcement of their rights.'"), quoting *Landis v. Hunt*, 80 Ohio App.3d 662, 669 (10th Dist. 1992). Moreover, the record reflects that Attorney Williams did not disengage from representing Mr. Stanford in that or any other matter. Instead, Mr. Stanford sent Attorney Williams a disengagement letter approximately one-year after the events occurred.

{¶17} The trial court determined that Mr. Williams did not owe a duty of care to Mr. Stanford at the time Mr. Stanford had to object to the magistrate's decision because his representation of Mr. Stanford did not include appeals. As previously explained, however, filing objections to a magistrate's decision is not an "appeal." We, therefore, conclude that the trial court incorrectly overruled objections 14, 15, 17, and 18. This case must be remanded to the trial court for it to determine in the first instance the remainder of Mr. Stanford's legal malpractice claim as it relates to the civil stalking protection order. Accordingly, Mr. Stanford's assignment of error is overruled as to the assault and falsification cases but sustained as to the protection order case.

III.

{¶18} Mr. Stanford's assignment of error is overruled in part and sustained in part. The judgment of the Summit County Court of Common Pleas is affirmed in part and reversed in part, and this matter is remanded for further proceedings consistent with this decision.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
CONCURS.

SUTTON, P. J.
CONCURRING.

{¶19}   Although I agree with the majority's resolution of Mr. Stanford's assignment of error, affirming it in part and reversing it in part, I would clarify that on remand the trial court should specifically determine whether the breach of Attorney Williams' duty to Mr. Stanford, in failing to file objections to the magistrate's decision on the civil stalking protection order, is the proximate cause of any damages.

{¶20}   The trial court specifically determined "Attorney Williams did not *breach* any duty of care owed to [Mr.] Stanford[.]" (Emphasis added.) Further, Mr. Stanford's assignment of error framed the question for this Court's review as whether the trial court erred in granting judgment in favor of Attorney Williams when sufficient evidence was presented that Attorney Williams *breached* the duty of care owed to Mr. Stanford.

{¶21}   As such, because the trial court wrongly determined Attorney Williams did not breach a duty of care to Mr. Sanford in failing to file objections to the magistrate's decision regarding the civil stalking protection order, I would reverse and remand for the trial court to determine, in the first instance, the issues of proximate cause and damages.

APPEARANCES:

ERIC D. HALL, Attorney at Law, for Appellant.

ANDREW DORMAN, HOLLY MARIE WILSON, and BRIANNA M. PRISLIPSKY, Attorneys at Law, for Appellee.